09-3280-cv
Thompson v. Solis

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 28th day of May, two thousand ten.

PRESENT:   JON O. NEWMAN,
                      CHESTER J. STRAUB,
                      REENA RAGGI,
                                  *Circuit Judges.*

---------------------------------------------------------------------------

BARBARA THOMPSON,

                                  *Plaintiff-Appellant,*

                 v.                                              No. 09-3280-cv

HILDA L. SOLIS, U.S. Department of Labor
Secretary,[*]

                                  *Defendant-Appellee.*

---------------------------------------------------------------------------

APPEARING FOR APPELLANT:        BARBARA   THOMPSON, *pro se*, Queens
                                                Village, New York.

APPEARING FOR APPELLEE:          JOSEPH A. PANTOJA, Assistant United States
                                                Attorney (Ross E. Morrison, Assistant United

---

[*] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Hilda L. Solis is automatically substituted for former Labor Secretary Elaine L. Chao as the appellee in this case.

States Attorney, *on the brief*), *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, New York.

Appeal from the United States District Court for the Southern District of New York (James C. Francis IV, *Magistrate Judge*).[1]

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on May 29, 2009, is AFFIRMED.

Pro se plaintiff Barbara Thompson, a sixty-two-year-old African American, appeals from an award of summary judgment entered in favor of her former employer, the Department of Labor ("DOL"), on claims that she was terminated on the basis of her age, gender, and national origin in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq., and the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 et seq. We review an award of summary judgment de novo, and we will affirm only if the record, viewed in the light most favorable to the nonmoving party, reveals no genuine issue of material fact. See Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986); Redd v. Wright, 597 F.3d 532, 535-36 (2d Cir. 2010). We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

---

[1] This case was assigned to Magistrate Judge James C. Francis IV for all purposes with the consent of both parties. See 28 U.S.C. § 636(c); Fed. R. Civ. P. 73.

2

We analyze both Title VII and ADEA claims under the familiar burden-shifting framework set forth in <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792, 802-03 (1973). <u>See</u> <u>Gorzynski v. JetBlue Airways Corp.</u>, 596 F.3d 93, 105-06 (2d Cir. 2010) (holding that burden-shifting framework for ADEA cases remains binding after <u>Gross v. FBL Fin. Servs.</u>, 129 S. Ct. 2343 (2009)). Here, the DOL does not dispute that Thompson satisfied her initial burden to demonstrate a <u>prima facie</u> discrimination case. Rather, the DOL submits that it satisfied its burden to articulate a legitimate, nondiscriminatory reason for Thompson's termination, namely, Thompson's continuing misuse of a government-issued, travel credit card after a written reprimand for past misuse. <u>See</u> <u>St. Mary's Honor Ctr. v. Hicks</u>, 509 U.S. 502, 506-08 (1993); <u>see also</u> <u>Texas Dep't of Cmty. Affairs v. Burdine</u>, 450 U.S. 248, 254-56 (1981).

Thompson does not dispute that an audit revealed that between August 20, 2002, and April 30, 2004, she used her government-issued, travel credit card to obtain twenty-six unauthorized cash advances totaling $1,619.60.[2] She maintains, however, that the DOL's

---

[2] That Thompson asserts she used some of these funds to purchase supplies for her "flexiplace" home office does not alter our conclusion that the DOL proffered a legitimate, nondiscriminatory reason for her termination. Quite apart from Thompson's failure to document the claimed supplies purchases, the record shows that the face of the credit card was expressly marked "For Official Government Travel Only." Moreover, a 2003 memorandum, which Thompson acknowledges she received, states, "As a cardholder, you agreed that you are responsible for ensuring that the card is used for <u>authorized government travel and travel-related expenses only</u>." Mem. Re: Unauthorized Use or Delinquency in Payment (emphasis added). Thus, even assuming that unauthorized card use ultimately resulted in work-related purchases, that evidence would not support an inference of discrimination. <u>See</u> <u>Dister v. Cont'l Group, Inc.</u>, 859 F.2d 1108, 1116 (2d Cir. 1988) ("[I]t

3

proffered reason for her termination was a pretext for age, gender, and national-origin discrimination because the same audit revealed that Wilson Pierre-Louis, an approximately forty-five-year-old, African-American man of Haitian national origin, had engaged in more egregious misuse of his credit card.

This evidence is insufficient to permit a jury to find pretext, much less discrimination, because Thompson was not "similarly situated in all material respects" to Pierre-Louis. Mandell v. County of Suffolk, 316 F.3d 368, 379 (2d Cir. 2003); accord Graham v. Long Island R.R., 230 F.3d 34, 39 (2d Cir. 2000). Unlike Thompson, Pierre-Louis's file did not include a prior written reprimand for credit card misuse. Further, unlike Thompson, who had worked for the DOL for approximately thirty years at the time of her termination, Pierre-Louis had only been employed by the DOL for approximately four years. Former District Director Kenneth Baisden, a fifty-nine-year-old African American who made the termination decision, stated that he deemed both differences "aggravating factor[s]" militating in favor of terminating Thompson while suspending Pierre-Louis. Baisden Decl. ¶¶ 23-24, at 8.

Thompson argues that a jury might disbelieve Baisden. That, however, is insufficient to survive summary judgment. As the Supreme Court has observed, "it is not enough to disbelieve the employer; the factfinder must believe the plaintiff's explanation of intentional

_____

is not the function of a fact-finder to second-guess business decisions or to question a[n employer's] means to achieve a legitimate goal."); Davis v. State Univ. of N.Y., 802 F.2d 638, 641 (2d Cir. 1986) (noting that "employer need not prove . . . that it made the wisest choice, but only that the reasons for the decision were nondiscriminatory").

4

discrimination." Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 147 (2000) (internal quotation marks, alteration, and ellipsis omitted; emphasis in original); see also Cross v. N.Y. City Transit Auth., 417 F.3d 241, 248 (2d Cir. 2005) (noting that plaintiff must prove discrimination "'was the real reason' for any adverse employment action" (quoting Schnabel v. Abramson, 232 F.3d 83, 87 (2d Cir. 2000))). Because Thompson adduced no evidence of discrimination apart from alleged differential treatment as compared to another employee with whom she was not similarly situated, the district court correctly entered summary judgment for the DOL.

We have considered Thompson's other arguments on appeal and conclude that they are without merit. Accordingly, we AFFIRM the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

5